IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUANITA TURNAGE, :

       Plaintiff, : Case No. 3:14cv012

vs. : JUDGE WALTER H. RICE

COMMISSIONER OF SOCIAL SECURITY, :

       Defendant. :

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE (DOC. #13); PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC. #14) SUSTAINED IN PART AND OVERRULED IN PART; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF AND AGAINST DEFENDANT COMMISSIONER, REVERSING COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL SECURITY ACT, DENYING PLAINTIFF'S REQUEST FOR A SENTENCE SIX REMAND AND REMANDING THE CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, PURSUANT TO THE FOURTH SENTENCE OF 42 U.S.C. § 405(g), FOR FURTHER ADMINISTRATIVE PROCEEDINGS; TERMINATION ENTRY

---

    Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a decision of the Defendant Commissioner denying Plaintiff's application for Social Security disability benefits. On January 12, 2015, the United States Magistrate Judge filed a Report and Recommendations (Doc. #13), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be affirmed and that Plaintiff's request for a Sentence Six remand be denied. Based upon a thorough _de novo_ review of the entirety of this Court's file, including the Administrative Transcript (Doc. #6), and a thorough

review of the applicable law, this Court adopts the aforesaid Report and Recommendations in part and rejects same in part and, in so doing, orders the entry of judgment in favor of the Plaintiff and against Defendant Commissioner, reversing the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, given this Court's conclusion that the decision of the Defendant Commissioner was not supported by substantial evidence, denying Plaintiff's request for a Sentence Six Remand and remanding the captioned cause to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings. Plaintiff's Motion for a Sentence Six Remand is overruled. The Plaintiff's Objections to said judicial filing (Doc. #14) are sustained in part and overruled in part, as more fully set forth below.

In reviewing the Commissioner's decision, the Magistrate Judge's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate Judge, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

-2-

Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the Commissioner if this case were being tried to a jury. Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939). To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security,

246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1. This Court agrees with the Magistrate Judge that Plaintiff is not entitled to a Sentence Six Remand because of the treatment note from treating physician Patrick Lytle, M.D., a cardiologist, opining that Plaintiff faced a low risk of cardiovascular complication should she undergo right knee surgery. This Court concludes, as did the Magistrate Judge, that such information is not material, given that a note from a cardiologist merely stating a person's heart is strong enough to withstand orthopedic surgery in a different part of her body is not sufficient, either in and of itself or in combination with all of the evidence, to demonstrate the existence of a severe impairment in that different part of her body. Moreover, there was ample evidence before the Administrative Law Judge that right knee surgery might well have been contemplated. Indeed, even were this Court to have concluded that said evidence was material, given the errors by the Administrative Law Judge, necessitating a remand for further administrative proceedings, the undersigned would have denied a Sentence Six Remand. To this limited extent, the Court adopts the Report and Recommendations of the United States Magistrate Judge.

2. However, this Court disagrees with the Report and Recommendations of the United States Magistrate Judge, to the extent that he concluded that the Commissioner did not commit reversible error by failing to find that Plaintiff's knee impairment constituted a severe impairment

at Step Two of the sequential analysis and, in addition, failing to ask and to determine how her severe knee impairment impacted her Residual Functional Capacity at Step Five.

The Step Two burden of establishing a "severe" impairment has been characterized in this circuit as "de minimus" see Higgs v. Bowen, 880 F.2d 860-862 (6th Cir. 1998); Murphy v. Secretary of Health and Human Services, 801 F.2d 182-185 (6th Cir. 1986). "An impairment is not severe if it does not significantly limit a [claimant's] physical or mental ability to do basic work activities, [such as] walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling . . . understanding, carrying out and remembering simple instructions, and use of judgment." 20 C.F.R. § 404.1521. An impairment qualifies as "non-severe" only if it "would not affect the claimant's ability to work," regardless of the claimant's age, education or prior work experience. Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 691-92 (6th Cir. 1985). Only slight abnormalities that minimally affect a claimant's ability to work can be considered non-severe. Higgs, 880 F.2d at 862 (6th Cir. 1998); Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). The Administrative Law Judge, at Step Two of the sequential evaluation concluded that "[t]he record contains no evidence that the claimant's knee pain is likely to persist at a "severe" level for a continuous period of twelve months or more. Therefore, the durational requirement has not been met and the undersigned does not consider the severe impairment to be "severe" pursuant to [the relevant sections of the Code of Federal Regulations.]." This conclusion is error. The record is replete with objective medical evidence of the severity of Plaintiff's right knee discomfort, to wit: an MRI of the right knee on July 30, 2012, showed signal abnormalities at the anterior horn junction and in the medial femoral condyle, most likely consistent with an osteochondral abnormality. (Page ID ##1113-1114). New and material

evidence from Providence Medical dated May 12, 2012 records knee swelling and Dennis Mann, M.D., recommended Ms. Turnage keep her knee elevated as much as possible. (Page ID ##1208-1209). On June 14, 2012, Enrique Martinez, M.D., noted that a June 7 "cat scan shows a cortical defect in the femoral condyle." Page ID #1185). Dr. Martinez also scheduled an MRI of the right knee (with sedation) and also to the Orthopedic/Knee Clinic at Miami Valley Hospital for a consultation to see if surgical intervention of the right knee would be beneficial. (Page ID #1187). A note from July 4, 2012 indicates that Steven F. Chapman, D.O., diagnosed Ms. Turnage with chronic knee pain after reviewing her CT scan report. (PageID # 1199). On August 22, 2012, treating source Patrick Lytle, M.D., indicated that Ms. Turnage was indeed scheduled for right knee non-joint replacement surgery. (PageID # 1286). In addition, Ms. Turnage described the surgery as placing a "plate with some screws to keep my cartilage from rubbing an see[ing] what he can do to repair my damaged tissues." (PageID # 111). Thus, not only is the severity of her right knee problem amply set forth in the record through objective evidence, the durational period is inferentially satisfied as well, given evidence in the record of the length to which Plaintiff will "laid up" following the surgery and the period of physical therapy that must follow. In short, while there is evidence from which it may be inferred to the contrary, the Court concludes that the Commissioner's decision that Plaintiff has not met the de minimus requirement of showing that her right knee impairment should be classified as severe is in error.

The Maziarz case clearly says that the Hearing Officer commits no reversible error at Step Two when he determines that Plaintiff has at least one severe impairment and then considers all of the claimant's other severe impairments in the subsequent steps of disability evaluation. However, the Hearing Officer is required to consider all impairments, severe and otherwise, in determining

residual functional capacity. In this matter, it is clear that the Hearing Office failed to include Plaintiff's documented knee impairment in determining her residual functional capacity to work. Given that the Hearing Officer's inquiry to the Vocational Expert failed to include any impact stemming from Plaintiff's knee impairment, the Hearing Officer failed to consider all impairments, and the extent to which they can be reasonably accepted as consistent with all the evidence in the record, in determining the availability of work she can perform. Accordingly, her decision at Step Five is not supported by substantial evidence.

3. In this matter, a remand for further administrative proceedings, rather than one for the immediate payment of benefits, is justified, given that evidence of disability is not overwhelming and, moreover, that the record is incomplete, as a result of the Administrative Law Judge's failure to consider all the evidence. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).

4. On remand, the Administrative Law Judge should consider all the evidence (including that which the Magistrate Judge and the Court herein has determined was not the subject of a Sentence Six Remand), and any evidence, new or otherwise, with regard to Plaintiff's impairment stemming from her right knee. Moreover, she must take new evidence and consider any and all mental health limitations she finds exists. Should she not find credible a particular statement by the Plaintiff concerning the need to miss a number of days of work each month, she should clearly indicate her reasons for rejecting same. Moreover, she must consider all impairments, severe and otherwise, in her residual functional capacity and/or her hypothetical question to the Vocational Expert, in order to determine whether Plaintiff is disabled within the

meaning of the Social Security Act and is, accordingly, entitled to benefits consistent with said Act.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #13) in part and rejects same in part,, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was _not_ supported by substantial evidence. Plaintiff's Objections to said judicial filing (Doc. #14) are sustained in part and overruled in part. Judgment will be ordered entered in favor of the Plaintiff and against Defendant Commissioner, denying a Sentence Six Remand, reversing the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, pursuant to the Fourth Sentence of 42 U.S.C. § 405(g), for further administrative proceedings set forth above.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

March 30, 2015

_____
WALTER H. RICE, JUDGE
UNITED STATES DISTRICT COURT

Copies to:
Counsel of record